UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

BOUNTY FRESH, LLC, a limited
liability company,

                          Plaintiff,

- against -

PARADISE PRODUCE, INC., a
corporation; NAKWON KANG, a/k/a NAK
KWANG, a/k/a "PAUL" KANG, an
individual; and HYEHYANG KANG, an
individual,

                          Defendants.

- - - - - - - - - - - - - - - - - - X

REPORT AND
RECOMMENDATION

CV 2009-5577 (FB)(MDG)

Go, United States Magistrate Judge:

    Plaintiff Bounty Fresh, LLC ("plaintiff") brings this action under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a et seq., to collect payments for produce sold and delivered by Bounty to defendants Paradise Produce Inc., Nakwon and Hyehyang Kang (collectively referred to as "defendants").

    The Honorable Frederick Block granted plaintiff's motion for default judgment following defendants' failure to appear or otherwise defend in this action and referred it to me to report and recommend on the relief to be awarded.

PERTINENT FACTS

The facts pertinent to determination of this motion are undisputed and are set forth in the Complaint (ct. doc. 1) ("Comp."); the January 31, 2010 affidavit of Raul Romero, President and Chief Operating Officer of plaintiff ("Romero Aff.") (ct. doc. 8-5); and the February 1, 2010 affidavit of Priscilla Grannis, Esq., counsel for plaintiff ("Grannis Aff.") (ct. doc. 8-1). Defendants did not file any opposing papers.

Plaintiff, a licensed dealer under PACA, is a wholesale distributor of produce. Romero Aff. at ¶¶ 5-6. Paradise Produce, Inc., also a licensed dealer under PACA, purchased agricultural commodities from plaintiff for resale throughout the domestic produce market. Romero Aff. at ¶¶ 5-6; Comp. at ¶ 9. Nakwon and Hyehyang Kang are officers, directors and shareholders of Paradise Produce, Inc. Comp. at ¶¶ 4-5.

On or about October 20, 2009, plaintiff sold and delivered 508 units of asparagus for $5,842.00 and 1,650 units of "perfect pineapples" to Paradise Produce for $16,875.00. Romero Aff. at ¶ 7, Exh. 1. On or about October 26, 2009, plaintiff sold and delivered 1,500 units of "perfect pineapples" to Paradise Produce for $13,087.50. Id. On or about November 3, 2009, plaintiff again sold and delivered 600 units of "perfect pineapples" and 900 units of pineapples for $12,375.00. Id. On or about November 12, 2009, plaintiff again sold 1500 units of "perfect pineapples" for $12,000.00. Id. Defendants failed to pay for

these sales which amounted to $60,179.50, as confirmed by individual defendant Nakwon Kang. Comp at ¶ 10; Romero Aff. at ¶ 8, Exh. 2.

On December 21, 2009, plaintiff filed this action seeking recovery for the costs of produce sold and delivered to defendants. Ct. doc. 1. Following defendants' failure to answer the Complaint, plaintiff filed a motion for judgment by default. Ct. doc. 8.

DISCUSSION

I. Legal Standards Governing Default

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. Greyhound, 973 F.2d at 159. The movant need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." Id.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not

susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence.  Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).  The moving party is entitled to all reasonable inferences from the evidence it offers.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Au Bon Pain, 653 F.2d at 65 (citing Trans World Airlines, Inc. v. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969)).

II.  Determination of Default Damages

Since Judge Block granted plaintiff's motion for default judgment, the liability of the individual and corporate defendants is established and is not an issue before me.  Nonetheless, plaintiff must establish the damages owed with "reasonable certainty."  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

A.  Damages

The PACA statute provides that a buyer must make "full payment promptly" for any produce received from a seller and that failure to do so gives rise to a seller's right to seek damages. R. Best Produce v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 241 (2d Cir. 2006); 7 U.S.C. §§ 499b, 499e.  Those damages consist of the "sums owing in connection with" perishable commodities transactions.  Cooseman Specialties, Inc. v. Gargiulo, 485 F.3d

701, 709 (2d Cir. 2007); 7 U.S.C. § 499e(c)(2).

The affidavit of Raul Romero and the attached documentation are sufficient to support the damages claimed by plaintiff. Specifically, plaintiff has submitted five invoices totaling $60,179.50 and provided the sworn statement of Mr. Romero affirming that defendant has not paid any amount of the invoices. See Romero Aff. at ¶¶ 7-8, Exhs. 1, 2. Accordingly, I recommend awarding damages of $60,179.50 for the amount unpaid under the invoices.

B.  Interest

Plaintiff seeks interest on the unpaid balance due under the invoices. See Romero Aff. at ¶ 9. PACA does not specifically provide for an award of pre-judgment interest, but interest may be awarded if provided by contract, as is the case here. See Country Best v. Christopher Ranch LLC, 361 F.3d 629, 632-33 (11th Cir. 2004) (interpreting PACA provision "sums owing in connection with" as encompassing, inter alia, interest bargained for in the contract); Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-26 (9th Cir. 2002); Dayoub Marketing, Inc. v. Seven Seas Trading Co., Inc., No. 04 Civ. 1881, 2009 WL 890034, at *15-*17 (S.D.N.Y. Mar. 31, 2009); Palmareal Produce Corp. v. Direct Produce #1, Inc., No. 07-CV-1364, 2008 WL 905041, at *2 (E.D.N.Y. March 31, 2008) ("where the parties' contracts include . . . [interest] terms, they can be awarded").

Each unpaid invoice provides that: "Past Due Amounts [are] Charged 1.5% Per Month . . . ." Romero Aff., Exhs. 1, 2. Courts have construed similar provisions as additional terms to an agreement between the parties governed by section 2-207(2) of the New York Uniform Commercial Code. See, e.g., Cooseman Specialties, 485 F.3d at 708 (applying N.Y. U.C.C. § 2-207(2) to attorneys' fee provision); Dayoub Marketing, 2009 WL 890034, at *15; Palmareal Produce, 2008 WL 905041, at *3. When the parties are two merchants, additional terms become part of a contract unless: "(a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received." N.Y. U.C.C. § 2-207(2). The party opposing the additional terms bears the burden of establishing that it qualifies under one of the exceptions. See Coosemans Specialties, 485 F.3d at 707. Since defendants have defaulted, they have not made any showing that one of the exceptions applies. See Brigiotta's Farmland Produce and Garden Ctr., Inc. v. Przykuta, Inc., No. 05-CV-273S, 2006 U.S. Dist. LEXIS, at *17-*18 (W.D.N.Y. July 13, 2006).

In addition, the New York U.C.C. specifically provides that a contract is not materially altered by "a clause . . . providing for interest on overdue invoices." N.Y. U.C.C. § 2-207(2), cmt. 5. Moreover, courts in this Circuit have awarded interest under similar facts. See, e.g., Dayoub Marketing, 2009 WL 890034, at

*15 (awarding prejudgment interest based on contract provision); Palmareal Produce, 2008 WL 905041, at *3 (awarding prejudgment interest at contractual rate of 1.5% monthly); Brigiotta's Farmland, 2006 U.S. Dist. LEXIS, at *16-*18. Accordingly, I recommend awarding plaintiff pre-judgment interest at the rate of 1.5% per month as provided in the invoices.

Plaintiff requests interest from the date each payment was due which, as specified in each invoice, was ten (10) days after the shipment date. See Grannis Aff. at ¶ 15; Romero Aff. at ¶ 9, Exhs. 1, 2; see also 7 C.F.R. 46.2(aa)(5) (defining "full payment promptly" as "[p]ayment for produce purchased by a buyer, within 10 days after the day on which the produce is accepted"). Accordingly, I recommend that interest should begin to accrue on each unpaid invoice from the payment due date and recommend that interest be calculated as follows on the unpaid balances through August 31, 2010:

|  | Amount Due | Due Date | Interest Rate | Per Diem | Number of Days | Interest through 7/31/10 |
|---|---|---|---|---|---|---|
|  | $5,842.00 | 10/30/09 | 18% | $2.88 | 305 | $ 878.40 |
|  | $16,875.00 | 10/30/09 | 18% | $8.32 | 305 | $2,537.60 |
|  | $13,087.50 | 11/5/09 | 18% | $6.45 | 299 | $1,928.55 |
|  | $12,375.00 | 11/13/09 | 18% | $6.10 | 291 | $1,775.10 |
|  | $12,000.00 | 11/22/09 | 18% | $5.92 | 282 | $1,669.40 |
| Total | $60,179.50 |  |  |  |  | $8,789.05 |

Thus, I recommend that this Court award pre-judgment interest of $8,789.05 through August 31, 2010 and additional interest

thereafter of $29.68 per day through the entry of judgment.

   C.   Attorneys' Fees and Costs

   Plaintiff seeks to recover $13,625.00 in attorneys' fees and $2,079.96 in costs.  Affidavit of Priscilla Grannis dated April 16, 2010 ("Atty. Fee Aff.") (ct. doc. 13-2) at ¶ 7, Exh. A.  Like the award of interest discussed above, attorneys' fees and costs may be awarded as "'sums owing in connection with' perishable commodities transactions" where the seller's invoice includes a clause providing for attorneys' fees.  See Coosemans Specialties, 485 F.3d at 709.  Here, each unpaid invoice provides that "the party liable for payment shall be responsible for payment of all costs and fees in connection with said collection including attorney's fees and costs."  Romero Aff., Exhs. 1,2.

   The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee."  Hensley v. Eckerhart, 461 U.S. 424, 433, 1940 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989); see also Perdue v. Kenny A., 130 S.Ct. 1662, 1672-73 (2010) (discussing lodestar methodology).  In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case.  See Lunday v.

City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. Chambless, 885 F.2d at 1059. The "community" is generally considered the district where the district court sits. See Arbor

Hill, 522 F.3d at 190.

In support of its request for fees, plaintiff has submitted two affidavits, one from Priscilla Grannis, counsel for plaintiff who practices in Florida, and another from Mark Amendola, an attorney licensed to practice in Ohio.  Ms. Grannis's affidavit details the work performed, hours expended, and the total amount due.  Atty Fee Aff., Exh. A.  Ms. Grannis, a partner at Rynn & Janowsky, affirms that her firm expended a total of 43.3 hours, including 36.5 hours by two partners at a rate of $350.00 per hour and 6.8 hours of paralegal assistance at a rate of $125.00 per hour.  Id. at ¶ 8, Exh. A.  Having reviewed the billing records submitted, I find that although the number of hours claimed on this case was high for a case where the defendants defaulted, the time spent was nonetheless reasonable in light of the work completed.  In addition to the drafting of the complaint and default motion papers, many of the hours billed were spent on collection efforts to prevent the dissipation of PACA trust assets.  Some of the time billed by plaintiff's counsel was spent conferring with local counsel.  Although I recommend below denying plaintiff's request for local counsel fees, I recommend that the Court award fees for this time spent since the work performed is not duplicative of the unsubstantiated time of local counsel.

Mark Amendola affirms that $350.00 per hour is a reasonable rate.  Affidavit of Mark Amendola dated April 9, 2010 ("Amendola

Aff.") (ct. doc. 14) at ¶¶ 2,6.  However, I find the rates sought by plaintiff excessive based on my knowledge of prevailing rates for PACA cases in this district and the Southern District of New York.  See, e.g., Dayoub Marketing, 2009 WL 890034, at *18 (awarding $175 per hour where plaintiff did not identify the specific attorneys who provided the services or describe the background or experience of those attorneys); Palmareal Produce Corp. v. Direct Produce #1, Inc., No. 07-CV-1364, 2008 WL 905041, at *4 (E.D.N.Y. March 31, 2008) (awarding $226 per hour for counsel of record); Brigiotta's Farmland, 2006 U.S. Dist. LEXIS 48004, at *22-*23 (awarding $250 per hour for attorneys with more than 30 years of experience and $125 per hour for newly admitted attorney); see also J&J Sports Prods., Inc. v. Spar, No. 06-CV-6101, 2008 WL 305038, at *4 (E.D.N.Y. Feb. 1, 2008) (awarding $200.00 per hour to a "very experienced" attorney in a non-PACA case); LaBarbera v. ESL Home Remodeling Inc., No. 06-CV-1372, 2007 WL 708359, at *6 (E.D.N.Y. Feb. 28, 2007) (approving rate of $275 per hour for partner in a default judgment under ERISA). Prevailing hourly rates for partners in this district range from $200 to $300 per hour.  See Palmareal Produce Corp., 2008 WL 905041, at *4 ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners"). Mr. Grannis's and Mr. Amendola's affidavits fail to address prevailing rates for partners in this district for this kind of litigation.  See Amendola Aff. at ¶ 8.  I recommend that

attorneys' fees be awarded at a reduced rate of $250 per hour in accordance with prevailing partner rates in this district.

In addition, I find the hourly rate charged for paralegals unreasonable. "Hourly rates for paralegals recently approved in this district range from $70 to $80 an hour." Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Carting Corp., No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (reducing paralegal's fees from $110 an hour to $75 an hour); see also Jacobson v. Peterbilt Elec. Contracting Inc., CV-03-31413, 2008 WL 1744544, at *4 (E.D.N.Y. Apr. 11, 2008) (awarding $80 per hour for paralegal); Finkel v. Tech Man, No. 06-CV-2264, 2007 WL 433399, at *4 (E.D.N.Y. Feb. 6, 2007) (awarding $75 per hour for paralegal); La Barbara v. Golden Vale Constr. Group, No. 06-CV-0813 2007 WL 2071565, at *6 (E.D.N.Y. July 17, 2007) (approving and award of $70 an hour). Accordingly, I recommend that paralegals' fees be reduced to $75 per hour.

Therefore, I recommend that plaintiff be awarded fees for work completed by attorneys for 36.5 hours at a rate of $250 per hour and work completed by paralegals for 6.8 hours at a rate of $75 per hour, for a total attorneys' fee award of $9,635.00.

Plaintiff also seeks $2,079.96 in costs. The billing records submitted reflect charges of $275.92 for legal research fees, $1.44 for postage and Pacer fees and $1,802.60 for local counsel fees. Att. Fee Aff., Exh. A. Awardable costs are "those reasonable out-of-pocket expenses incurred by attorneys

and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting United States Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989)). These costs include copies, postage, and research fees. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004) ("online research services . . . may properly be included in a fee award"); LeBlanc-Sternberg, 143 F.3d at 763; Aston v. Secretary of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986) (photocopying and postage are reimbursable costs). Accordingly, I find that plaintiff's request for legal research, postage, and Pacer fees are recoverable and reasonable. In addition, although plaintiff does not seek recovery of a filing fee, the record reflects that plaintiff paid $350. Ct. doc. 1. I find award of this cost reasonable.

However, I recommend that plaintiff not be awarded $1,802.60 in costs for local counsel fees. As discussed above, a party seeking attorneys' fees must support its claim of hours expended with accurate, detailed and contemporaneous time records. Carey, 711 F.2d at 1147-48. Plaintiff has not submitted such billing records of local counsel. Moreover, plaintiff has not demonstrated that it was necessary to retain both out of town counsel and local counsel for this case where defendants defaulted. Therefore, I recommend that plaintiff's request for local counsel fees be denied. See Dayoub Marketing, 2009 WL

890034, at *17 (denying local counsel fees).

Thus, I recommend that the Court award costs of $627.36.

CONCLUSION

For the foregoing reasons, I respectfully recommend that this Court award plaintiff judgment of $79,230.91 against defendants, jointly and severally, consisting of $60,179.50 in damages, $9,635.00 in attorneys' fees, $627.36 in costs, and $8,789.05 in interest through August 31, 2010, plus interest thereafter at a per diem rate of $29.68 until entry of judgment.

This report and recommendation will be filed electronically and a copy sent by overnight delivery to the defendants on this date. Any objections must be filed with the Clerk of the Court, with a copy to the Honorable Frederick Block, on or before September 7, 2010. Failure to file timely objections may waive the right to appeal the District Court's Order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 18, 2010

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE